UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN FAULLS ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ALLIANCEONE RECEIVABLES ) | |
| MANAGEMENT, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Susan Faulls, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Susan Faulls, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania.

### III.  PARTIES

4. Plaintiff, Susan Faulls, is an adult natural person residing at 290 Vincent Circle Middletown, DE 19709.

5. Defendant, Allianceone Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Delaware with a principal place of business located at 4850 E Street Road Suite 300, Feasterville Trevose, PA 19053.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Beginning March 19, 2009, Plaintiff received a telephone call from Defendant about an alleged debt owed for a Capital One credit card.

8. Defendant's agent, "Mrs. Chambers", told Plaintiff on the telephone that she wanted the payment made in full.  Plaintiff tried to explain to Defendant that she was making $ 20.00 monthly payments to Capital One.  Defendant's agent, "Mrs. Chambers" told Plaintiff that was not good enough.

9. Defendant's agent "Mrs. Chambers" demanded that Plaintiff borrow money from a friend to pay off the debt.  Plaintiff stated to Defendant that she could not do that.  Defendant's agent "Mrs. Chambers" then got on the telephone with Plaintiff's husband asking him to borrow money from someone.  Plaintiff's husband stated that he

could not do that either.  Defendant's agent "Mrs. Chambers stated that was "a refusal to pay".

10.     On March 24 2009, Plaintiff was contacted again by Defendant. Defendant's agent "Mrs. Chambers" told Plaintiff that she was going to forward her account for a wage attachment.  Defendant intimidated Plaintiff by threatening to garnish her wages even though Defendant does not have the ability to do so.

11.     On the same March 24, 2009 conversation Plaintiff tried to explain to Defendant's agent that she was faithfully making monthly payments.  Defendant's agent "Mrs. Chambers" stated "this conversation is over" and hung up on her.

12.     March 26, 2009 Plaintiff made a payment of $40.00 to Defendants.

13.     On March 31, 2009 Defendant's agent Mrs. Churcher contacted Plaintiff. Plaintiff explained to Defendant's agent Mrs. Churcher that she sent in a payment of $40.00 dollars and would continue to do so monthly.  Defendant's agent stated "that is not good enough, you need to pay more".  Defendant's agent Mrs. Churcher further stated "if I was you I wouldn't bother paying either considering you're going to be sued".

14.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT 1 – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 d, d(1), e, e(4), f and g

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Allianceone Receivables Management, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: March 31, 2009**          **BY:** ___*/s/ Brent F. Vullings*___
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff